UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOYON DRILLING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| LOADMASTER UNIVERSAL | § | SA-11-MC-0181 FB |
|   INVESTMENTS, LTD., | § | |
| LOADMASTER UNIVERSAL | § | |
|   GROUP, INC., | § | |
| LOADMASTER ENGINEERING, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO QUASH AND OBJECTIONS

The matter before the court is the motion to quash and objections to third-party subpoenas (docket entry 1). Also before the court is the response in opposition and the reply. The motion was referred to me for disposition.

The motion and objections were filed by Loadmaster Universal Investments, Ltd. ("LUI") and Loadmaster Universal Group, Inc. ("LUG"). The movants were served with subpoenas issued out of the Western District of Texas compelling production of documents in Houston, Texas. The subpoenas were served by Doyan Drilling, Inc. Doyan is the plaintiff in a lawsuit pending in federal court in Alaska. Doyan issued the subpoenas in connection with the Alaska case. Movants – who are not parties to the Alaska case – object to the subpoenas as being overbroad and as being issued by an improper court.

Federal Rule of Civil Procedure 45(a)(2)(C) provides that a subpoena compelling production must issue from the court for the district where the production is to be made. The subpoenas at issue direct the requested documents be produced in Houston, Texas.[1] The articles of formation for both

---

[1] Exhibits 1 and 2, attached to docket entry 1.

LUI and LUG reflected a Houston address for the registered agents for both entities.[2] Houston is in the Southern, not the Western District of Texas.

Doyan Drilling argues that because it was unable to serve the registered agent for LUI at the Houston address, and because the registered agent resides in Marble Falls, which is in the Western District of Texas, the LUI subpoena was properly issued. However Doyan does not allege that the requested documents are located in Marble Falls or that there is an office or business activity for either LUI or LUG in the Western District. Additionally, Doyan offers nothing responsive to movant's argument that the LUG subpoena was issued from the wrong court. A subpoena issued by the wrong court is void and unenforceable.[3] Because the location for the production is Houston and because Houston is in the Southern District of Texas, both subpoenas were improperly issued and are therefore void.

Rule 45(c) provides a mechanism to challenge objectionable or improper subpoenas. In the case of document subpoenas, Rule 45(c)(2)(B) instructs that objections may be served and that the objections may be challenged by way of a motion to compel. Insofar as docket entry 2 styled "Opposition to Motion to Quash Third Party Subpoenas" may be construed as a motion to compel, for the reasons stated above that motion is ORDERED DENIED; and further that movants' objections based on Rule 45(a)(2)(C) are ORDERED SUSTAINED and the subpoenas ORDERED QUASHED.

**SIGNED** on May 27, 2011.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] Exhibits 3 and 4, attached to docket entry 1.

[3] See **Small v. Ramsey**, 2011 WL 1044659 (N.D.W.Va. 2011); **Kupritz v. Savannah College of Art & Design**, 155 F.R.D. 84 (E.D.Pa.1994).